JOHN W. JOHNSON v. MUTUAL BENEFIT LIFE INSURANCE COMPANY.

(Filed 15 November, 1911.)

**Insurance—Assignment of Policy—Good Faith—Insurable Interest.**

　　An insured who had taken out on his own life a policy of life insurance, payable to himself, and who had paid the first and subsequent premiums thereon, may, not as a cloak or cover for a wagering transaction or as a mere speculation, but in good faith and for a valuable consideration, make a valid assignment

of the policy, which will be binding upon the insurance company, to a person having no insurable interest in his life; and the person to whom the policy has thus been assigned may recover thereon of the insurer. *Hardy v. Insurance Co.*, 152 N. C., 286; *s. c.*, 154 N. C., 430, cited and approved as settling this doctrine.

APPEAL by defendant A. J. Fagg, administrator, from *Adams, J.,* and a jury, at May Term, 1911, of STOKES.

*J. H. Humphreys and Manly, Hendren & Womble for plaintiff.*
*J. W. Hull and Watson, Buxton & Watson for appellant.*

WALKER, J.  This is an action by the plaintiff· to recover from the defendant insurance company the amount of a certain insurance policy, issued to Virgil L. Eaton on his life, and assigned by Eaton to the plaintiff.  The defendant company at no time contested its liability on this policy, and has at all times expressed its willingness and desire to pay the amount due thereon to the person entitled to receive it, and in its answer it expressed its willingness to pay and recognized that the amount of the policy was due to some one, but relied upon the fact that the administrator of Virgil L. Eaton was contesting the right of the plaintiff to receive the proceeds of the policy, under the assignment, and was claiming that it should be paid to him, and asked that it be allowed to pay into court the amount due on said policy, and that the court should order the said sum to be paid to the party entitled thereto.  In consequence of this answer, and in accordance with its prayer, the administrator was made a party defendant and the insurance company paid the sum due under the policy into the office of the Clerk of the Superior Court of Stokes County, to abide the judgment of the court.  The administrator of Eaton, the original beneficiary, filed an answer, in which he set up two defenses:  First, That his intestate had borrowed of the plaintiff the sum of $100 and as security for said loan had transferred and assigned the said policy to the plaintiff as collateral security; second, that the assignment of the policy by Eaton to the plaintiff was void as a wagering transaction, for that the plaintiff had no insurable

interest in the life of Eaton. The contest is, therefore, between the plaintiff, who is the assignee of the policy, and the administrator of Eaton.

The jury, in response to the issues submitted to them, found that the plaintiff had nothing to do with the taking out of the policy by Eaton, and that the assignment of the policy was made in good faith, and not as a cloak or cover for a wagering transaction or speculation on the life of Eaton. The evidence was to the effect that the plaintiff knew nothing about Eaton taking out the policy until after it was issued and the first premium paid, and that Eaton became dissatisfied and endeavored to dispose of the policy to other persons before coming to the plaintiff, but finally sold and assigned the policy to the plaintiff in accordance with the assignment as set out in the record. In fact, there was no dispute or evidence to the contrary, and as a result thereof the court charged the jury, if they believed the evidence, to answer the first issue "No." The second issue, as to the good faith of the assignment, was answered by the jury, under the charge of the court, in favor of the plaintiff. There was no evidence offered to support the contention of the administrator that the policy had been assigned as security for a debt. The exceptions of the administrator are to the charge of the judge, and, as we understand, they raise this single question: Can a person take out a policy of insurance on his own life, making the policy payable to himself, and pay the first or subsequent premiums, and then in good faith and not as a cloak or cover for a wagering transaction or as a mere speculation and for a valuable consideration, assign the policy to a person having no insurable interest in the life of the person insured, and can such person recover upon the policy under such an assignment, or does the simple fact that the assignee had no insurable interest in the life of the assignor invalidate the assignment and prevent a recovery by the assignee?

The defendant, administrator of Virgil L. Eaton, appealed from the judgment upon the verdict.

It is impossible to distinguish this case from *Hardy v. Insurance Co.*, 152 N. C., 286, and again reported in 154 N. C., 430, and our decision, therefore, must be against the plaintiff

and in affirmance of the judgment below, unless we overrule those cases, as requested to do by the plaintiff's counsel in their brief. They are recognized by them to be decisively against the contention of the defendant that plaintiff, as assignee, cannot recover on the policy.

In *Hardy v. Insurance Co.,* 152 N. C., 286, *Justice Hoke,* who wrote the opinion for the Court, says, after a most learned and exhaustive discussion of the question, that the great weight of authority sustains the legality of such an assignment, when it is found as a fact that the policy was valid at its inception and, further, that the assignment was made in good faith and not as a mere cloak or cover for a wagering transaction. He quotes with approval what is stated upon the subject in that reliable treatise and standard authority, Vance on Insurance, p. 14 *et seq.,* as follows: " 'On principle and according to the clear weight of authority, an assignment of a life policy to one having no insurable interest therein is perfectly valid if made in good faith, and not as a cover for fraudulent speculation in life.' And referring to the opinions in *Warnock v. Davis,* 104 U. S., 775, and *Cammack v. Lewis,* 82 U. S., 643, and to the subject generally, the author says: 'These confusing influences have further been aided and abetted by a catch phrase, which, however, does not state the issue fairly, to the effect that the law will not allow a person to procure, by assignment, insurance that he could not procure directly. A fair statement of the issue is found in the postulate, that the law will allow the insured to designate a beneficiary under the policy as well by assignment as by original nomination. The true principle governing the question may be derived from the statement of some generally accepted rules of law: (1) A person insuring his own life may designate any person whatever as beneficiary, irrespective of insurable interest in that beneficiary. (2) The law requires an insurable interest only at the inception of the policy, as evidence of good faith. The presence of such interest at any subsequent period is wholly immaterial. (3) Life insurance, though based on the theory of indemnity at its inception, is not a contract of indemnity, but chiefly of investment. As a chose in action it has, at any time after its issue, a recog-

nized value, termed the reserved value. Hence we conclude that a policy of life insurance, validly issued to one having an insurable interest, becomes in his hands a valuable chose in action, which should be assignable as any other property right, unless such assignment be opposed to some clear rule of public policy.' This, we think, correctly states the true doctrine."

That decision was approved, when the same case afterwards came to this Court by appeal, ·in a lucid opinion by *Justice Allen,* 154 N. C., 430; so that the law, as applicable to the facts found by the jury, must now be considered as thoroughly settled in this State, whatever may be the views of other courts.

There was no error in the ruling of *Judge W. J. Adams,* and it will be so certified, that the judgment in favor of the plaintiff may be enforced.

No error.